# **EXHIBIT A**

4/16/2021 4:45 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 52558949
By: Adiliani Solis
Filed: 4/16/2021 4:45 PM

**2021-22882 / Court: 281**

CAUSE NO.: _____

| | | |
|---|---|---|
| ANADARKO E&P ONSHORE LLC, | § § | IN THE DISTRICT COURT |
| *Plaintiff*, | § § | |
| v. | § § | |
| | § | _____ JUDICIAL DISTRICT |
| CALIFORNIA UNION INSURANCE COMPANY and CENTURY INDEMNITY COMPANY, solely as successor-in-interest to CIGNA Specialty Insurance Company f/k/a California Union Insurance Company, | § § § § § § § | |
| *Defendants*. | § § | HARRIS COUNTY, TEXAS |

## ANADARKO E&P ONSHORE LLC'S ORIGINAL PETITION

Plaintiff Anadarko E&P Onshore LLC ("Anadarko") complains of defendants California Union Insurance Company ("California Union") and Century Indemnity Company (solely as successor-in-interest to CIGNA Specialty Insurance Company f/k/a California Union Insurance Company) ("Century Indemnity") (Century Indemnity and California Union are collectively referred to herein as "Defendants"), as set forth below.

### NATURE OF ACTION

1. This is an action for breach of contract and other relief under third-party liability insurance coverage Anadarko purchased from Defendants. Anadarko brings this action to address disputes concerning the insurance coverage sold by Defendants to Anadarko and for which Anadarko paid substantial premiums and Defendants' breaches of their obligations by failing to pay amounts due under the insurance.

2. More specifically, despite their contractual obligations under the coverage they sold to Anadarko, Defendants have failed and refused to pay all of Anadarko's defense and investigation costs and expenses ("defense costs") arising out of several lawsuits filed against Anadarko, even though such costs and expenses are fully covered by the insurance policies

Defendants sold Anadarko and even though Defendants have acknowledged they have a duty to defend Anadarko in connection with those lawsuits.

## THE PARTIES

3. Anadarko is a limited liability company organized under the laws of Delaware with its principal place of business in Texas. Anadarko formerly was known as RME Petroleum Company ("RME") and before that Union Pacific Resources Company ("UPR"). Before May 1987, UPR was known as Champlin Petroleum Company ("Champlin").

4. Century Indemnity is a corporation organized under the laws of the Commonwealth of Pennsylvania with its principal place of business in Pennsylvania. Century Indemnity may be served with process on its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas TX 75201-3136. Century Indemnity is a party to this action solely in its capacity as successor in interest to CIGNA Specialty Insurance Company, which was formerly known as California Union Insurance Company.

5. California Union, upon information and belief, is or was a corporation organized under the laws of the Commonwealth of Pennsylvania with its principal place of business in Pennsylvania. Upon information and belief, Defendant Century Indemnity is the alleged successor to Defendant California Union. Century Indemnity may be served with process on its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas TX 75201-3136. Upon information and belief, the Defendants are duly licensed and admitted to do business in Texas.

## JURISDICTION

6. This Court has subject matter jurisdiction over the claims in this action. The amount in controversy exceeds $1,000,000.00 and is within the jurisdictional limits of this Court.

7. Further, California Union contractually consented to personal jurisdiction in this Court pursuant the service of suit provision found in the contracts of insurance at issue in this dispute, which state that California Union, "at the request of the insured, will submit to the jurisdiction of any court of competent jurisdiction within the United States of America and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court."

8. Under established Fifth Circuit precedent, California Union's service of suit clause prevents Defendants from removing this case to federal court.

## THE INSURANCE POLICIES AT ISSUE

### I. 1979-80 CALIFORNIA UNION POLICY

9. Anadarko, for valuable consideration, purchased from California Union Policy No. ZCU 00 08 66 for the April 1, 1979 to April 1, 1980 policy period (the "1979-80 Policy"). The insurance policies purchased by Anadarko from Defendant California Union that are described herein will be referred to collectively as the "Policies."

10. The 1979-80 Policy provides coverage in excess of Policy No. ISG 1131 (04/01/79-04/01/81), issued to Anadarko by the Insurance Company of North America ("INA"). Policy No. ISG 1131 had a combined single aggregate limit of $500,000 for the period April 1, 1979 to April 1, 1980 policy period.

11. Defendants have acknowledged that, as a result of the complete exhaustion of the aggregate limit of Policy No. ISG 1131, Policy No. ZCU 00 08 66 has "dropped down" and has become the primary policy for the April 1, 1979 to April 1, 1980 policy period.

### II. 1980-81 CALIFORNIA UNION POLICY

12. Anadarko, for valuable consideration, purchased from California Union Policy No. ZCU 00 10 87 for the April 1, 1980 to April 1, 1981 policy period (the "1980-81 Policy").

13. The 1980-81 Policy provides coverage in excess of Policy No. ISG 1131 (04/01/79-04/01/81), issued to Anadarko by INA. Policy No. ISG 1131 has a combined single aggregate limit of $1,000,000 for the April 1, 1980 to April 1, 1981 policy period.

14. As a result of the complete exhaustion of the aggregate limit of Policy No. ISG 1131, by its express terms Policy No. ZCU 00 10 87 has "dropped down" and has become the primary policy for the policy period April 1, 1980 to April 1, 1981.

### III. CALIFORNIA UNION'S DUTY TO DEFEND

15. The Policies provide that Defendant California Union (and/or Defendant Century Indemnity as its alleged successor-in-interest) has a duty to defend Anadarko against suits alleging bodily injury and/or property damage.

16. The Policies impose a duty to defend on California Union as follows:

If limits of liability of the underlying insurance are exhausted because of personal injury, property damage or advertising injury during the period of this policy Cal Union will

(a) have the right and duty to defend any suit against the Insured seeking damages on account of such personal injury, property damage or advertising injury, even if any of the allegations of the suit are groundless, false or fraudulent....

17. California Union's duty to defend Anadarko exists outside of and in addition to the monetary limits of the Policies.

18. All conditions and requirements imposed by the Policies upon Anadarko, including payment of premium and notice of claims, have been satisfied and/or have been waived and/or are subject to an estoppel or other avoidance against Defendants.

### THE UNDERLYING ACTIONS

19. Several lawsuits have been filed alleging that Anadarko engaged in activities in the "Coastal Zone," as defined by the State and Local Coastal Resources Management Act of 1978,

which allegedly resulted in property damage that is covered under the Policies (the "Underlying Actions").

20. The Underlying Actions are:

a. *Parish of Plaquemines v. Total Petrochemicals and Refining USA Inc., et al.*, No. 2:18-cv-05256 (United States District Court, Eastern District of Louisiana) (the "Coquille Bay Lawsuit");

b. *Parish of Jefferson v. Anadarko E&P Onshore LLC, et al.*, No. 2:18-cv-05213 (United States District Court, Eastern District of Louisiana) (the "Bayou de Fleur Lawsuit");

c. *Parish of Plaquemines v. Hilcorp Energy Co., et al.*, No. 2:18-cv-05210 (United States District Court, Eastern District of Louisiana) (the "Bastian Bay Lawsuit");

d. *Parish of Plaquemines v. Equitable Petroleum Corp., et al.*, No. 2:18-cv-05220 (United States District Court, Eastern District of Louisiana) (the "Black Bay Lawsuit");

e. *Charles W. Fasterling, et al. v. Hilcorp. Energy Co., et al.*, No. 61-798 (25th Judicial District Court for the Parish of Plaquemines, Louisiana) (the "Fasterling Lawsuit").

21. While each of the Underlying Actions were initially filed in Louisiana state court, in May 2018, the Coquille Bay, Bayou de Fleur, Bastian Bay and Black Bay Lawsuits, along with other similar lawsuits, were removed to the United States District Court for the Eastern District of Louisiana where the issue of federal jurisdiction remains unresolved. The Fasterling Lawsuit was not removed to federal court.

22. Pursuant to the terms and conditions of each of the Policies, Defendants are obligated to defend Anadarko against the Underlying Actions, to pay on behalf of Anadarko all sums it has incurred and will incur in defending against the Underlying Actions, and/or to reimburse Anadarko for such sums.

23. The Underlying Actions allege damages for property damage that allegedly occurred during the periods covered by the Policies due to continuous or repeated exposure to the same or substantially the same general conditions, triggering Defendants' duty to defend Anadarko under the Policies.

## ANADARKO'S CLAIMS FOR COVERAGE

24. Anadarko gave timely notice of the Underlying Actions to Defendants and of Anadarko's claims for coverage of its liabilities and defense costs incurred in connection with the Underlying Actions.

25. Anadarko further tendered the defense of each of the Underlying Actions to Defendants.

26. Anadarko has submitted invoices for work performed in its defenses of the Underlying Actions to Defendants for payment.

27. Defendants responded to Anadarko's claims by acknowledging their duty to defend Anadarko under the 1979-80 Policy in connection with the Underlying Actions pursuant to a reservation of rights.

28. Pursuant to the terms of the Policies and applicable law, Defendants have an ongoing and continuing obligation to pay 100% of the defense costs incurred by Anadarko in connection with the Underlying Actions.

29. Despite acknowledging their duty to defend, Defendants have stated that they would only pay their "allocable pro rata share" of defense costs incurred by Anadarko in connection with the Underlying Actions from September 2016 to the present.

30. As of the date of filing this Petition, Anadarko has incurred substantial damages consisting of reasonable and necessary defense costs in connection with the defense of the Underlying Actions.

31. In October 2017, Defendants agreed to pay some of the defense costs that Anadarko incurred in connection with the defense of the Underlying Actions prior to September 2016. Anadarko does not, in this action, seek to recover any defense costs incurred prior to September 2016.

32. Defendants have not, however, agreed to pay any defense expenses incurred by Anadarko from September 2016 forward, including those at issue in this action. Anadarko has not released or waived any claims against Defendants with respect to such defense costs incurred from September 2016 forward, and has reserved all and waived none of its rights to seek full coverage from Defendants for 100% of same.

33. Defendants have not paid any part of the defense costs that Anadarko has incurred in connection with the defenses of the Underlying Actions from September 2016 to the present. Despite their obligation to pay 100% of such defense costs, Defendants have stated they would pay their "allocable pro rata share" of the defense costs, and Defendants have not made or tendered payment of any defense costs incurred by Anadarko from September 2016 to the present.

34. Anadarko has been forced to pay the reasonable and necessary defense costs from September 2016 to the present in connection with the defenses of the Underlying Actions due to Defendants' wrongful refusal to pay the defense costs.

35. Anadarko has engaged the undersigned firm to represent it in this action, and has agreed to pay a reasonable fee for services rendered.

36. Pursuant to Texas choice of law principles, Texas law applies to this dispute.

## COUNT I
## BREACH OF CONTRACT

37. Anadarko realleges and incorporates herein by reference the allegations set forth in Paragraphs 1 through 36 as though fully set forth herein.

38. The Policies obligate Defendants to defend Anadarko in the Underlying Actions.

39. Although Defendants received notice of Anadarko's claims for defense costs incurred in connection with the Underlying Actions, they have failed and refused to pay all of such defense costs and to perform their contractual obligations to defend Anadarko in the Underlying Actions.

40. By virtue of their failures and refusals, Defendants are in breach of the Policies.

41. As a result of these breaches, Anadarko has been denied the benefits of insurance coverage for which Defendants collected substantial premiums and has incurred, and will continue to incur, substantial damages in excess of $1,000,000, the exact amount of which shall be determined on summary judgment or at trial. Anadarko has also been forced to incur reasonable and necessary attorneys' fees and other expenses to prosecute this action, which fees and expenses Anadarko is entitled to recover.

42. Anadarko seeks all damages arising from Defendants' breaches of the Policies, together with attorneys' fees, pre- and post-judgment interest, and all other relief to which it may show itself to be entitled.

## COUNT II
## PROMPT PAYMENT VIOLATION

43. Anadarko realleges and incorporates herein by reference the allegations set forth in Paragraphs 1 through 42 as though fully set forth herein.

44. Defendants violated the statutory deadlines imposed by Texas Insurance Code Chapter 542 through their failure to promptly acknowledge, investigate, and pay all of Anadarko's defense expenses in the Underlying Actions.

45. Anadarko timely notified Defendants of the claims and provided all information necessary for Defendants to provide a defense. Nonetheless, Defendants have failed and refused to pay all of the defense costs incurred by Anadarko in connection with the Underlying Actions.

46. Accordingly, pursuant to Tex. Ins. Code § 542.060, Defendants are liable to pay Anadarko the full amount of its claim with interest, plus eighteen (18) percent per annum of the amount of Anadarko's claim, together with reasonable attorneys' fees and costs.

## COUNT III
## ATTORNEYS' FEES

47. Anadarko realleges and incorporates herein by reference the allegations set forth in Paragraphs 1 through 46 as though fully set forth herein.

48. Pursuant to chapter 38 of the Texas Civil Practice and Remedies Code, Anadarko may recover reasonable attorneys' fees if its claim is for an oral or written contract.

49. This action seeks recovery for a claim arising under written insurance contracts between California Union and Anadarko.

50. Anadarko is represented by legal counsel, it presented its claims under the Policies to Defendants, and Defendants failed to pay for more than 30 days.

51. Anadarko seeks all reasonable, necessary, equitable, and just attorneys' fees incurred in the prosecution of its claims against Defendants under chapter 38 of the Texas Civil Practice and Remedies Code.

## PRAYER FOR RELIEF

For all the reasons stated above, Anadarko E&P Onshore LLC prays for relief against Defendants as follows:

1. All damages arising from Defendants' breaches of the Policies;

2. All reasonable, necessary, equitable, and just attorneys' fees Anadarko incurred in prosecuting its claims in this lawsuit;

3. Statutory penalty of eighteen (18) percent per annum of the amount of Anadarko's claims pursuant to Tex. Ins. Code § 542.060;

4. All costs and fees of these proceedings;

5. Pre-judgment and post-judgment interest at the maximum allowable rate; and

6. Such other and further relief, whether at law or in equity, to which Anadarko may show itself to be entitled.

## JURY DEMAND

Anadarko hereby demands a trial by jury as to any matters so triable.

Dated: April 16, 2021

Respectfully submitted,

**REED SMITH LLP**

By: /s/ *J. James Cooper*
J. James Cooper
Texas Bar No. 04780010
811 Main Street, Suite 1700
Houston, TX 77002-6110
Telephone: 713.469.3800
Facsimile: 713.469.3899
jcooper@reedsmith.com

John D. Shugrue
Illinois Bar No. 6195822
10 South Wacker Drive, 40th Floor
Chicago, IL 60606-7507
Telephone: 312.207.1000
Facsimile: 312.207.6400
jshugrue@reedsmith.com
*Pro Hac Vice Application To be Filed*

Christopher T. Kuleba
Florida Bar No. 105302
1001 Brickell Bay Drive, 9th Floor
Miami, Florida 33131
Telephone: 786.747.0200
Facsimile: 786.747.0299
ckuleba@reedsmith.com
*Pro Hac Vice Application To be Filed*